UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WALTER JAMES FOSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-3008-CSB |
| ) | |
| GRAHAM CORRECTIONAL CENTER, ) | |
| ) | |
| Defendant. ) | |

<u>MERIT REVIEW ORDER</u>

This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 438, 422 (7th Cir. 2013)(citations omitted). The court has reviewed the Complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

The plaintiff, a *pro se* prisoner, used the court's complaint form to file this lawsuit pursuant to 42 U.S.C. §1983. However, the complaint form is mainly blank, and the plaintiff failed to name any defendants. Instead of completing the complaint form, he simply attached a grievance that he had filed at Graham Correctional Center with a note that says the basis for the grievance is the reason he filed the lawsuit. In his grievance, the plaintiff complains that he is not receiving proper medical care, and he was refused a low bunk permit. Graham Correctional Center was added as a defendant in order to file the lawsuit in this court. However, it is not a proper defendant under 42 U.S.C. § 1983 because it is not a "person" as that term is used in the statute, so it will be dismissed. *Wright v. Porter County*, 2013 WL 11761909, *2 (N.D. Ind. Mar. 19, 2013).

The plaintiff's complaint fails to allege sufficient facts to proceed. Therefore, the plaintiff is given 30 days to replead with more specificity. In addition, it is not clear

whether the plaintiff has exhausted his administrative remedies. The plaintiff will need to advise the court in his complaint the specifics of his grievance process.

IT IS THEREFORE ORDERED that:

1.  The plaintiff's complaint is hereby dismissed with leave to plead over. The plaintiff may file an amended complaint, within thirty (30) days of this order, that states with specificity (1) what he needs medical care for, (2) the name(s) of the individual(s) refusing to give him medical care, (2) why he needs a low bunk permit, (4) the name(s) of the individual(s) who refused his request for a low bunk permit, and (5) whether or not his grievance has gone through the entire grievance process or at what stage it remains at this time. In short, plead more facts. If the plaintiff fails to file an amended complaint or follow the court's specific instructions, as outlined in this order, his case may be dismissed.

2.  The clerk is directed to provide the plaintiff with a blank complaint form to assist him.

3.  The clerk is directed to terminate Graham Correctional Center as a defendant.

ENTERED this 14th day of May, 2015

/s/Harold A. Baker
_____
HAROLD A. BAKER
United States District Judge